# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 26, 2016

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**RONALD E. WILLIAMS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0288**  (BOR Appeal No. 2049751)
(Claim No. 2008004678)

**PERFORMANCE COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald E. Williams, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Performance Coal Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 26, 2015, in which the Board affirmed an August 27, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 25, 2013, decision granting Mr. Williams a 2% permanent partial disability award for a left shoulder injury. The Office of Judges granted Mr. Williams an additional permanent partial disability award for the left shoulder, and further determined that he did not sustain any permanent impairment as a result of injuries to his cervical spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is the result of an erroneous conclusion of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On June 27, 2007, Mr. Williams completed a Report of Injury indicating that he injured his left shoulder during a collision that occurred while he was riding on a mantrip. The claim was initially held compensable for an unspecified injury to the shoulder/upper arm and a sprain of an

1

unspecified site of the shoulder/upper arm. A cervical sprain was later added as a compensable component of the claim. On March 5, 2008, Mr. Williams underwent a left shoulder arthroscopy during which a labral tear was debrided.[1] On June 23, 2008, Mr. Williams received a 1% permanent partial disability award for the left shoulder based upon a 2008 independent medical evaluation performed by Joseph Grady II, M.D. Following Dr. Grady's independent medical evaluation, Mr. Williams underwent six additional independent medical evaluations, and the claim was reopened by the Office of Judges for further consideration of permanent partial disability benefits on March 20, 2013.

Robert Walker, M.D., evaluated Mr. Williams's left shoulder on August 7, 2012. He opined that Mr. Williams sustained 17% upper extremity impairment as a result of range of motion abnormalities in the left shoulder, which he converted to 10% whole person impairment utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Prasadarao Mukkamala, M.D., evaluated Mr. Williams's left shoulder on November 7, 2012. Dr. Mukkamala opined that Mr. Williams sustained 7% upper extremity impairment as a result of range of motion abnormalities in the left shoulder, which he converted to 4% whole person impairment utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment.*

Dr. Grady evaluated Mr. Williams a second time on April 29, 2013. He initially declined to provide an assessment of the amount of Mr. Williams's left shoulder impairment pending further possible treatment, but opined that Mr. Williams sustained 0% whole person impairment as a result of the cervical spine injury. Following a request by the claims administrator, Dr. Grady issued an addendum to his report on May 21, 2013, addressing the degree of permanent impairment of the left shoulder. He opined that Mr. Williams sustained 5% upper extremity impairment as a result of range of motion abnormalities in the left shoulder, which he converted to 3% whole person impairment using the American Medical Association's *Guides to the Evaluation of Permanent Impairment.* Based upon Dr. Grady's evaluation, the claims administrator granted Mr. Williams an additional 2% permanent partial disability award on June 25, 2013.

H. R. Fleschner, D.C., evaluated Mr. Williams on August 20, 2013. He opined that Mr. Williams sustained 17% upper extremity impairment as a result of range of motion abnormalities in the left shoulder, which he converted to 10% whole person impairment using the American Medical Association's *Guides to the Evaluation of Permanent Impairment.* Dr. Fleschner further opined that Mr. Williams sustained 7% whole person impairment as a result of the cervical spine injury. On April 14, 2014, Jerry Scott, M.D., evaluated Mr. Williams. Dr. Scott opined that Mr. Williams sustained 8% upper extremity impairment as a result of range of motion abnormalities in the left shoulder, which he converted to 5% whole person impairment using the American Medical Association's *Guides to the Evaluation of Permanent Impairment.* He further opined that Mr. Williams sustained 0% whole person impairment as a result of the cervical spine injury. Finally, Michael Condaras, D.C., evaluated Mr. Williams on May 22, 2014. Dr. Condaras opined

---

[1] The evidentiary record does not indicate whether the labral tear was added as a compensable diagnosis.

2

that Mr. Williams sustained 7% upper extremity impairment as a result of range of motion abnormalities in the left shoulder, which he converted to 4% whole person impairment utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment.* Further, he opined that Mr. Williams has 0% whole person impairment as a result of the cervical spine injury.

In its Order reversing the June 25, 2013, claims administrator's decision, the Office of Judges held that Mr. Williams sustained 5% whole person impairment as a result of his left shoulder injury and 0% whole person impairment as a result of his cervical spine injury.[2] The Board of Review affirmed the Order of the Office of Judges in its decision dated February 26, 2015. On appeal, Mr. Williams asserts that the evidence of record demonstrates that he is entitled to an increased permanent partial disability award for both the left shoulder injury and the cervical spine injury. Further, Mr. Williams asserts that in rendering its decision, the Office of Judges improperly substituted its own opinions and conclusions in place of those rendered by an evaluating physician.

When analyzing Dr. Weaver's, Dr. Mukkamala's, Dr. Grady's, Dr. Fleschner's, Dr. Scott's, and Dr. Condaras's reports, the Office of Judges did not specifically discredit any of the reports or identify any errors within any of the reports. Additionally, the Office of Judges apparently did not analyze any of the seven reports as a whole. Rather, for reasons which are entirely unclear, the Office of Judges chose to formulate tables containing all of the range of motion measurements obtained by each physician and then proceeded to recalculate the amount of Mr. Williams's whole person impairment piecemeal by utilizing various portions of data from each of the six physicians. Ultimately, the Office of Judges concluded that Mr. Williams sustained 5% whole person impairment for the left shoulder injury and 0% whole person impairment for the cervical spine injury. Neither assessment is based upon the opinion of any of the physicians of record. The Board of Review affirmed the reasoning and conclusion of the Office of Judges in its entirety.

We find that the decisions of the Office of Judges and Board of Review are the result of erroneous conclusions of law. In *Repass v. Workers' Compensation Div.,* 569 S.E.2d 162, 171, 212 W.Va. 86, 95 (2002), this Court held that permanent partial disability awards are to be made solely on the basis of a physician's impairment evaluation. Because the Office of Judges utilized select portions of each of the reports of record when recalculating the amount of Mr. Williams's whole person impairment, the 5% permanent partial disability award granted by the Office of Judges does not accurately reflect the findings of any of the physicians of record. Moreover, the Office of Judges has not provided any basis whatsoever for its decision to perform its own computation of the amount of Mr. Williams's whole person impairment rather than rely on the

---

[2] The Office of Judges stated that Mr. Williams should receive an additional 4% permanent partial disability award in addition to the 2% permanent partial disability award granted by the claims administrator on June 25, 2013, which would equate to a 6% permanent partial disability award. Whether the Office of Judges' mistake is the result of a mathematical error or a misinterpretation of some component of the record, its Order appears to indicate that it intended for Mr. Williams to receive a total permanent partial disability award of 5% in the instant appeal.

opinion of one of the six physicians of record, as it did not explicitly discredit any of the independent medical evaluation reports of record. Because the Office of Judges, as the trier of fact, did not specifically discredit any of the independent medical evaluation reports of record, all of the reports are entitled to equal evidentiary weight. Pursuant to the provisions governing the weighing of evidence contained within West Virginia Code § 23-4-1g (2003), the dispute should be resolved in favor of Mr. Williams. Therefore, he is entitled to a 10% permanent partial disability award for the left shoulder and a 7% permanent partial disability award for the cervical spine, as was recommended by Dr. Fleschner, which is the recommendation most consistent with Mr. Williams's position.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to grant Mr. Williams an additional permanent partial disability award totaling 10% for the left shoulder and 7% for the cervical spine.

Reversed and remanded.

**ISSUED:   February 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis

Justice Brent D. Benjamin, disqualified

4